Taylor, C. J.
delivered the opinion of the Court:
It must be acknowledged that adjudications have taken place in England as well as in this State, wherein courts of law have recognized and protected the rights of the parties beneficially interested in the suit, when the nominal party has attempted to defeat them. Of these cases which have occurred in this State, it is believed that none have been decided under such circumstances as to confer on them the weight of conclusive authorities; for if they had, we should not feel ourselves justified in unsettling the law. And as to the decisions in England, they are in conflict with one which contains such forcible reasoning in favor of the opposite doctrine, as to convince us that it is founded on true principles of law, from which other cases have departed, under the influence, no doubt, of a desire in Judges to administer the real justice of every case, without reflecting on *458 the inconvenience and mischief likely to ensue from confounding the boundaries of law and equity. As the question now occurs for the first time in this Court, we think it right to restore the law of it to its ancient foundations, and to ground ourselves in doing so on the case of Bauerman v. Radenius in 7 Term, 633.
In that case Lord Kenyon observes, “ our courts of law consider only legal rights: our courts of equity have other rules by which they sometimes supersede those legal rules; and in so doing they act most beneficially for the subject. We, all know, that if courts of law were to take into their consideration all the jurisdiction belonging to courts of equity, many bad consequences would ensue. If the question that has been made in this case had arisen before Sir M. Hale, or Lords Holt, or Hardwicke, I believe it never would have occurred to them, sitting in a court of law, that they could have gone out of the record and considered third persons as parties in the cause. It is my wish and my comfort to stand super antiquas vias. I cannot legislate, but, by my industry I can discover what our predecessors have done, and I will servilely tread in their footsteps.”
The Court are in this case all of opinion, that Hugh Jones, who claims to be attorney in fact of R. B. Jones and wife, ought upon verifying his power of attorney, to be allowed to dismiss the suit.